FILED - GR
April 26, 2011 3:13 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY mkc /_____ SCANNED BY ____ 4/27/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**1:11-cv-419**
**Paul L. Maloney**
**U.S. District Judge**

AUSTON WILLIAMS,

Plaintiff,

v.

AFNI, INC.,

Defendant.

_____/

## Complaint

### I. Introduction

1. This is an action for damages, brought by a consumer against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* and Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

### II. Jurisdiction

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

### III. Parties

3. Plaintiff Auston Williams is an unmarried, adult, natural person residing in Montcalm County, Michigan. Mr. Williams is a "consumer" and "person" as the terms are defined and used in the FDCPA. Mr. Williams is a "consumer," "debtor" and "person" as the

1

terms are defined and used in the MOC.

4.     Defendant Afni, Inc. ("Afni") is an Illinois corporation, with a mailing address of 404 Brock Drive, P.O. Box 3427, Bloomington, Illinois 61702-3427.  The registered agent for Afni in Michigan is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025.  Afni uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.  Afni regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  Afni is a "debt collector" as the term is defined and used in the FDCPA.  Afni is licensed (No. 2401001721) by the State of Michigan to collect consumer debts in Michigan.  Afni is a  "collection agency" and a "licensee" as the terms are defined and used in the MOC.

**IV.     Facts**

5.     Mr. Williams had a credit account (Afni account number 030016853-01) with Sprint which he used to purchase goods and/or services for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and used in the FDCPA and MOC.

6.     The original creditor or a successor in interest hired Afni to collect the alleged debt from Mr. Williams.

7.     Alternatively, Afni purchased the alleged debt after the account allegedly was in default.

8.     Mr. Williams disputes the debt.

9.     Mr. Williams refuses to pay the debt.

10.     Prior to November 2010, Mr. Williams used as his mailing address, a post office

2

box in Sheridan, Michigan. Mr. Williams shared the use of the post office box with some of his relatives. Mr. Williams became concerned that some of his mail was being lost or misplaced by his relatives with whom he shared the post office box. In an effort to remedy the problem, Mr. Williams filed a document with the postal service, changing his mailing address from the shared post office box to the residential address belonging to his girlfriend's parents.

11.     On or about March 21, 2011 at approximately 1:39 p.m., Afni placed a telephone call to a telephone number belonging to Mr. Williams' girlfriend's parents and left the following pre-recorded and/or computer generated message on a telephone answering machine belonging to Mr. William's girlfriend's parents: "Hello. This is Afni calling with an important private message for Auston Williams only. If you re not Auston Williams, please call us at 866-647-0881 for the prompt removal of your number from our system. Please hang up or disconnect this message now. Auston Williams should return this call to Afni at 866-647-0881. This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. Again, our number is 866-647-0881. Thank you. Good bye."

12.     On or about March 25, 2011 at approximately 12:13 p.m., Afni placed a telephone call to a telephone number belonging to Mr. Williams' girlfriend's parents and left the following pre-recorded and/or computer generated message on a telephone answering machine belonging to Mr. William's girlfriend's parents: "Hello. This is Afni calling with an important private message for Auston Williams only. If you re not Auston Williams, please call us at 866-647-0881 for the prompt removal of your number from our system. Please hang up or disconnect this message now. Auston Williams should return this call to Afni at 866-647-0881. This is an attempt to collect a debt by a debt collector and any information obtained will be used for that

3

purpose. Again, our number is 866-647-0881. Thank you. Good bye."

13.     On or about March 28, 2011 at approximately 2:22 p.m., Afni placed a telephone call to a telephone number belonging to Mr. Williams' girlfriend's parents and left the following pre-recorded and/or computer generated message on a telephone answering machine belonging to Mr. William's girlfriend's parents: "Hello. This is Afni calling with an important private message for Auston Williams only. If you re not Auston Williams, please call us at 866-647-0881 for the prompt removal of your number from our system. Please hang up or disconnect this message now. Auston Williams should return this call to Afni at 866-647-0881. This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. Again, our number is 866-647-0881. Thank you. Good bye."

14.     On or about March 30, 2011 at approximately 1:21 p.m., Afni placed a telephone call to a telephone number belonging to Mr. Williams' girlfriend's parents and left the following pre-recorded and/or computer generated message on a telephone answering machine belonging to Mr. William's girlfriend's parents: "Hello. This is Afni calling with an important private message for Auston Williams only. If you re not Auston Williams, please call us at 866-647-0881 for the prompt removal of your number from our system. Please hang up or disconnect this message now. Auston Williams should return this call to Afni at 866-647-0881. This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. Again, our number is 866-647-0881. Thank you. Good bye."

15.     On or about April 12, 2011 at approximately 6:32 p.m., Afni placed a telephone call to a telephone number belonging to Mr. Williams' girlfriend's parents and left a pre-recorded and/or computer generated message on a telephone answering machine belonging to Mr.

4

William's girlfriend's parents in efforts to collect a debt from Mr. Williams.

16.     On or about April 15, 2011 at approximately 6:34 p.m., Afni placed a telephone
call to a telephone number belonging to Mr. Williams' girlfriend's parents and left a pre-recorded
and/or computer generated message on a telephone answering machine belonging to Mr.
William's girlfriend's parents in efforts to collect a debt from Mr. Williams.

17.     On or about April 18, 2011 at approximately 8:20 p.m., Afni placed a telephone
call to a telephone number belonging to Mr. Williams' girlfriend's parents and left a pre-recorded
and/or computer generated message on a telephone answering machine belonging to Mr.
William's girlfriend's parents in efforts to collect a debt from Mr. Williams.

18.     Each recorded message left by Afni for Mr. Williams on the telephone answering
machine belonging to Mr. Williams' girlfriend's parents was heard by Mr. William's girlfriend's
mother.

19.     Each recorded message left by Afni for Mr. Williams on the telephone answering
machine belonging to Mr. Williams' girlfriend's parents was a "communication" as the term is
defined and used in the FDCPA

20.     Afni did not obtain the prior consent of Mr. Williams for Afni to communicate
with Mr. Williams' girlfriend's mother in connection with the collection of the alleged debt.

21.     Afni did not obtain the prior consent of Mr. Williams to communicate to Mr.
Williams' girlfriend's mother that Afni was attempting to collect a debt from Mr. Williams.

22.     Mr. Williams has never given Afni permission to speak with Mr. William's
girlfriend's mother regarding the alleged debt.

23.     Mr. Williams did not provide Afni with the telephone number belonging to Mr.

5

Williams' girlfriend's parents.

24.     Mr. Williams did not provide Sprint with the telephone number belonging to Mr. Williams' girlfriend's parents.

25.     A debt collector may not communicate, in connection with the collection of a debt, with any person other than the consumer, except to acquire "location information" about the consumer. 15 U.S.C. § 1692b; 15 U.S.C. § 1692c(b).

26.     The FDCPA defines "location information" to mean "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

27.     A debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt. 15 U.S.C. § 1692b(2).

28.     The FDCPA states that a debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall, "only if expressly requested, identify his employer." 15 U.S.C. § 1692b(1).

29.     Afni disclosed the name of its company in the recorded messages left by Afni and heard by Mr. William's girlfriend's mother, without an express request for such information by Mr. William's girlfriend's mother, violating the FDCPA.

30.     Nothing in the law entitled Afni to leave a recorded message for Mr. Williams on a telephone answering machine.

31.     Nothing in the law entitled Afni to leave a recorded message for Mr. Williams on a telephone answering machine when the message might be heard by someone other than Mr. Williams.

6

32.     Afni could have used other methods to communicate with Mr. Williams.

33.     Afni could have chosen to communicate with Mr. Williams by postal mail.

34.     Afni could have chosen to communicate with Mr. Williams by speaking directly to Mr. Williams by telephone.

35.     Afni could have chosen not to leave a recorded message for Mr. Williams on a telephone answering machine.

36.     Afni could have chosen to have a live person make the telephone call to Mr. Williams and then use discretion regarding whether to leave a recorded message. Instead, and to increase its profits, Afni chose to use an auto-dialer to place the telephone calls and leave pre-recorded and/or computer generated messages, without regard for the privacy of Mr. Williams and without regard for the requirements of the FDCPA.

37.     Afni violated 15 U.S.C. § 1692c(b) by leaving a recorded message on a telephone answering machine, which communicated to Mr. Williams' girlfriends' mother that Afni was attempting to collect an alleged debt from Mr. Williams. *Berg v. Merchants Association Collection Division, Inc.,* 586 F.Supp. 1336 (S.D. Fla. 2008).

38.     Afni is a member of ACA International ("ACA").

39.     ACA is a trade group for debt collectors. According to the ACA website (www.acainternational.org), Afni has been a member of ACA since 1981.

40.     Over the past two or more years, ACA sent multiple writings to its members, warning about the risks associated with violating the FDCPA by leaving a message on an answering machine or voice mail, resulting in an unlawful disclosure to a third party that a consumer allegedly owes a debt.

7

41.     Afni in each pre-recorded and/or computer generated message left for Mr.
Williams on a telephone answering machine belonging to Mr. Williams' girlfriend's parents
warned others not to listen to the message, establishing that Afni recognized the likelihood that
someone other than Mr. Williams might hear the messages.

42.     Afni knowingly assumed the risk of violating the FDCPA by leaving a message
on a telephone answering machine stating that Afni was calling to collect a debt and knowing
that the message might be heard by someone other than Mr. Williams.

43.     It was unreasonable for Afni to assume or expect that the owner of a telephone
answering machine would obey Afni's command to "hang up or disconnect this message now"
and not listen to the entire recorded message left by Afni for another person on the telephone
answering machine.

44.     It was unreasonable for Afni to assume or expect that Mr. Williams' girlfriend's
mother would obey Afni's command to "hang up or disconnect this message now" and not listen
to the entire recorded message left by Afni for Mr. Williams on the telephone answering machine
belonging to Mr. Williams' girlfriend's parents.

45.     Afni failed to maintain procedures reasonably adapted to avoid disclosing to a
third party that a consumer owes a debt. Instead, Afni left recorded messages for the consumer
on a telephone answering machine, knowing it was possible that the message might be heard by
someone other than the consumer.

46.     Afni failed to maintain procedures reasonably adapted to avoid disclosing to Mr.
Williams' girlfriend's parents that Mr. Williams owed a debt. Instead, Afni left recorded
messages for Mr. Williams on a telephone answering machine, knowing that it was possible that

8

the message might be heard by someone other than Mr. Williams.

47.    Afni scripted and intended to speak the words that were spoke by Afni when leaving the above-described messages on a telephone answering machine for Mr. Williams in connection with efforts to collect a debt from Miss Williams.

48.    On or about April 20, 2010, Mr. Williams' girlfriend's mother telephoned Afni at 866-647-0881 to have her telephone number removed from Afni's system as instructed by Afni in the multiple messages left by Afni on her telephone answering machine. The call was answered by a pre-recorded greeting which stated as follows: "Thank you for calling Afni. Your call may be monitored or recorded   This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose." The call was then answered by an Afni employee who identified himself as Caleb. Mr. Williams' girlfriends' mother complained that Afni was repeatedly calling her. The Afni employee stated that Afni was attempting to contact Mr. Williams to speak with him. The Afni employee asked Mr. Williams' girlfriends' mother to deliver a message to Mr. Williams to have Mr. Williams call Afni. The Afni employee stated that he did not know how Afni had obtained the telephone number belonging to Mr. Williams' girlfriends' parents.

49.    On or about April 20, 2010, Mr. Williams' girlfriend's mother again telephoned Afni at 866-647-0881 to have her telephone number removed from Afni's system as instructed by Afni in the multiple messages left by Afni on her telephone answering machine. The call was answered by a pre-recorded greeting which stated as follows: "Thank you for calling Afni. Your call may be monitored or recorded   This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose." The call was then answered by an Afni

9

employee who identified himself as Caleb. Mr. Williams' girlfriends' mother stated that Mr. Williams did not reside with her. The Afni employee stated that he would remove from Afni's call list the telephone number belonging to Mr. Williams' girlfriends' parents.

50.     On or about April 20, 2011 at approximately 8:20 p.m., Afni placed another telephone call to the telephone number belonging to Mr. Williams' girlfriend's parents, violating the FDCPA and Michigan law.

51.     On or about April 20, 2011 at approximately 8:25 p.m., Afni placed another telephone call to the telephone number belonging to Mr. Williams' girlfriend's parents, violating the FDCPA and Michigan law.

52.     Afni's practice is to leave a pre-recorded and/or computer generated message on an answering machine of voice mail, stating in pertinent part: "This is Afni calling with an important private message for [consumer's name] only. If you re not [consumer's name], please call us at 866-647-0881 for the prompt removal of your number from our system. Please hang up or disconnect this message now." When the third-party recipient of Afni's message returns Afni's call to have his/her telephone number removed from Afni's system, the call is first answered by a pre-recorded greeting that states: "This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose." Accordingly, when the third-party calls Afni to have his/her telephone number removed from Afni's system, Afni through its pre-recorded greeting unlawful discloses to the third-party that Afni is attempting to collect a debt from the person named in the message left by Afni on the third-party's answering machine or voice mail. Afni's system is patently flawed, and by its own design, necessarily results in unlawful third-party disclosures that violate the FDCPA and Michigan law.

10

53. Afni's employees meant to speak the words they spoke to Mr. Williams' girlfriend's mother in connection with their efforts to collect a debt from Mr. Williams.

54. The acts and omissions of Afni and its employees done in connection with efforts to collect a debt from Mr. Williams were done intentionally and wilfully.

55. Afni and its employees intentionally and wilfully violated the FDCPA and MOC.

56. As an actual and proximate result of the acts and omissions of defendant and its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated in an amount to be established by jury and at trial.

## V.    Claims for Relief

### Count 1– Fair Debt Collection Practices Act

57. Plaintiff incorporates the foregoing paragraphs by reference.

58. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a)    Defendant violated 15 U.S.C. § 1692b;

b)    Defendant violated 15 U.S.C. § 1692c;

c)    Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt; and

d)    Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff.

**Wherefore,** plaintiff seeks judgment against defendant for:

11

a)      Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)      Such further relief as the court deems just and proper.

## Count 2 – Michigan Occupational Code

59.     Plaintiff incorporates the foregoing paragraphs by reference.

60.     Defendant has violated the MOC. Defendant's violations of the MOC include,
        but are not necessarily limited to, the following:

a)      Defendant violated M.C.L. § 339.915(m) by bringing to public notice that the
        consumer is a debtor;

b)      Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or
        abusive method to collect a debt;

c)      Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure
        designed to prevent a violation by an employee; and

d)      Defendant violated M.C.L. § 339.919.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)      Actual damages pursuant to M.C.L. § 339.916(2);

b)      Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)      Statutory damages pursuant to M.C.L. § 339.916(2); and

d)      Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

12

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: April 25, 2011

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com

13